UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05   10857 DPW**

LISA MURPHY and,                    )
BRIAN MURPHY                        )
    Plaintiffs                      )
v.                                  )        Civil Action No._____
                                    )
COMMUNITY DAY CARE                  )
CENTER OF LAWRENCE, INC.,           )
SHEILA BALBONI, and    MAGISTRATE JUDGE Alexander
JOAN SILVERMAN-SANCHEZ              )
    Defendants                      )
                                    )

RECEIPT # _____
AMOUNT $_____
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM ____
MCF ISSUED____
BY DPTY CLK____
DATE _____

## VERIFIED COMPLAINT AS OF RIGHT AND REQUEST FOR JURY TRIAL

### INTRODUCTION

1.      Plaintiff Lisa Murphy (hereinafter, "Ms. Murphy") brings this claim against her

employer Community Day Care Center of Lawrence, Inc. and her supervisors, Sheila Balboni

and Joan Silverman-Sanchez to redress an improper termination of employment by Defendant

Ms. Balboni and Ms. Silverman-Sanchez from Community Day Care Center.  In this complaint,

Ms. Murphy, asserts Counts against the defendants for (1) violation of 42 U.S.C. § 2000e, (2) 42

U.S.C. § 1981, (3) Equal Protection, (4) M.G.L. c. 151B and c. 214 §1C, (5) breach of covenant

of good faith and fair dealing, (6) intentional/negligent infliction of emotional distress, (7)

M.G.L c. 93§102, (8) Tortious Interference of Prospective Business Advantage, (9) age

discrimination, and (10) breach of contract.  Plaintiff Brian Murphy brings a claim of loss of

consortium.

## PARTIES

2.      Plaintiff Lisa Murphy ("Ms. Murphy" or "Plaintiff Murphy") is an individual and resides at 20 Coolidge Street, Methuen, Essex County, Massachusetts.

3.      Plaintiff Brian Murphy ("Mr. Murphy") is and individual and resides at 20 Coolidge Street, Methuen, Essex County, Massachusetts.  At all times relevant, Mr. Murphy is, and has been, the husband of Ms. Murphy.

4.      Defendant Community Day Care Center of Lawrence, Inc. ("Community Day Care") is a day care center organized under the laws of the Commonwealth of Massachusetts and located at 190 Hampshire Street, Lawrence, Essex County, Massachusetts.

5.      Defendant Sheila Balboni is an individual and resides at 34 Phillips Street, Andover, Essex, County, Massachusetts.  Upon information and belief, she is, and at all relevant times was, Executive Director of Community Day Care.

6.      Defendant Joan Silverman-Sanchez is an individual and resides at 2 Fulton Road, Andover, Essex County, Massachusetts.  Upon information and belief, she is, and at all relevant times was, a supervisor at Community Day Care.

## JURISDICTION

7.      Count I of this Complaint sets forth a civil action brought to redress deprivations, under color of state law, of rights secured by the Constitution of the United States and by an Act of Congress pursuant to 42 U.S.C. §2000e-2(a)(1).  This Court has jurisdiction pursuant to 28 U.S.C. §1343(a)(3).  Additionally, pursuant to 28 U.S.C. §1331, district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

2

8.     Counts II through XI of this Complaint aver causes of action which arise out of the subject matter of the cause of action set forth in Count I and are so related to that Count that they form part of the same case or controversy under Article III of the United States Constitution. This Court has jurisdiction over these Counts by virtue of the doctrine of pendent jurisdiction and 28 U.S.C. §1367(a).

## FACTS

9.     From approximately October 13, 1998 to September 15, 2004, Plaintiff Murphy was an at-will employee of Community Day Care Center, where she served as the Manager of Human Resources. Her duties included, without limitation, recruiting for agency-wide job openings, developing and writing ads for job openings, screening resumes and interviewing candidates, conducting background checks, conducting new employee orientation, notifying directors of staff's upcoming performance evaluations, composing and editing agency-wide newsletter, working closely with agency directors regarding recruitment needs and notifying staff of any personnel issues. The ability to speak or write Spanish was not a requirement of her employment.

10.     Plaintiff Murphy is a 45 year old Caucasian female, and she does not speak, read or write Spanish. Her work was well-received at Community Day Care, even though she is not Hispanic. At the time Ms. Murphy was hired, there was no previous Manager of Human Resources. Ms. Murphy initially set up the department and documented all functions, responsibilities and procedures of the Human Resources Manager at the direction of Ms. Balboni. At all times relevant, Plaintiff Murphy met or exceeded her employers legitimate job performance expectations. Her inability to speak Spanish never obstructed her ability to complete her work competently on a timely basis. At no time did Community Day Care

3

announce or inform its employees, to Plaintiff Murphy's knowledge, that the agency was taking a different direction and/or setting a new policy requiring that a bi-cultural and/or Hispanic person serve as the Manager of Human Resources. Murphy never received any complaints whatsoever of any lack of competence, confusion or difficulties arising out of her inability to speak, read or write Spanish from any source, including, without limitation, employees, supervisors and/or clients of Community Day Care. At no time did any supervisor inform her that her inability to speak, read or write Spanish was in any way detrimental to her ability to perform her work or detrimental or impedimental to the agency's work, purposes, direction or goals. At no time did Community Day Care offer to train Plaintiff Murphy in speaking, reading or writing Spanish, or inform her at any time before termination that if she wanted to keep her job, she would have to become proficient to any degree in speaking, reading, or writing Spanish.

11.    On or about September 15, 2004, at approximately 3:45 p.m., Joan Silverman-Sanchez, Plaintiff Murphy's immediate supervisor, phoned and asked Murphy to come into her office. Shelia Balboni intercepted Murphy and invited Murphy into Balboni's office. Ms. Silverman followed and closed the door behind her. Ms. Balboni sat down across from Murphy and Ms. Silverman sat to her left. Ms. Balboni began the meeting by stating, in words or substance, "I'm afraid we have some bad news...With the direction that the agency will be taking, we've decided that we really need a Latino person, someone bilingual/bicultural, in this HR position."

12.    Plaintiff Murphy was taken aback by Ms. Balboni's comments. Murphy responded, in words or substance, "This is something that you've been plotting for awhile now...I haven't had a review since 2002, so I suspected something like this could happen. I'm the only person in the agency who isn't up-to-date on a review, never mind being nearly two

4

years past due." Ms. Balboni responded, in words or substance, "It hasn't been two years, has it?" Ms. Balboni said, in words or substance, "Well, the part about needing a Latino person really has just come up." Ms. Balboni did not explain how that "need" of a Latino person had "just come up."

13.    Plaintiff Murphy then stated, in words or substance, "You're not giving me a notice or anything, that's it?" Ms. Balboni responded, in words or substance, "Well, tomorrow can be your last day, and we'll give you four weeks severance." Plaintiff Murphy was in shock and virtually speechless. Ms. Balboni responded, in words or substance, "You can count on me for a good reference." Murphy responded, in words or substance, "I have nothing to say." Murphy then left Ms. Balboni's office.

14.    Upon entering the business office of Community Day Care Center of Lawrence, Inc., Murphy immediately told Administrative/Billing Clerk Jackie Delacruz that Murphy had just been fired. Ms. Delacruz  said, in words or substance, "No way. You're joking. What for?" Plaintiff Murphy told her the reason was that Ms. Balboni wants to hire an Hispanic. Ms. Delacruz responded, in words or substance, "That's wrong. She can't do that."

15.    Plaintiff Murphy thereafter went to her office to call her husband. Before arriving at her office, she (Murphy) stopped in Marie Wagner's office in accounts payable and informed Ms. Wagner that she had been fired. Ms. Wagner's jaw dropped and she said, in words or substance, "No way." Ms. Wagner's phone rang, Ms. Murphy then left her office to call her husband. After speaking with him, Ms. Murphy left for the day, shortly after 4:00 p.m.

16.    On or about September 16, 2004, Ms. Murphy went in the office at approximately 7:00 a.m. in order to clean out her office. Other employees started filtering into the office at approximately 8:00 a.m. Intake Coordinator Clara Whipple, among others, expressed their

condolences. Ms. Whipple told Ms. Murphy that everyone was in shock and wanted to stage a

walk-out in protest of what had been done to Ms. Murphy. Ms. Whipple then told Ms. Murphy

that employees at Community Day Care were speculating that Ms. Balboni had promised a job in

the future to Maria Moeller, an Hispanic woman. Ms. Whipple further told Ms. Murphy that

employees at Community Day Care were speculating that Ms. Moeller probably would be the

person to take Murphy's place.

16a.    Ms. Moeller had worked at Community Day Charter School, which is operated by

the parent organization, Community Day Care, through early 2004. In February, 2004, Ms.

Moeller left Community Day Charter School on maternity leave. Ms. Moeller resigned from her

position shortly thereafter. At no time before she resigned, upon information and belief, did Ms.

Moeller work in Human Resources.

17.    After Ms. Whipple left, Pat Thornton, Payroll Administrator, came into Murphy's

office and also expressed her condolences. Ms. Thornton also expressed her disbelief and made

negative comments about Ms. Balboni.

18.    When Ms. Murphy was ready to leave the office shortly before 9:00 a.m. on

September 16, 2004, Ms. Murphy asked Bob Piantedosi, Senior Accounting Manager, to assist

her in carrying boxes to her car. Upon information and belief, Mr. Piantedosi had no knowledge

of Murphy's termination and he was totally shocked to learn of the termination. He asked, in

words or substance, "Why?" Ms. Murphy responded by telling him, in words or substance, what

had happened. He responded, in words or substance, "Isn't that discrimination?"

19.    As Ms. Murphy left, she saw fellow staff members Susan O'Neill, the

Development Director and Manuela Su, Director of Staff Development. Ms. O'Neill and Ms. Su

stated that they were unaware of Ms. Murphy's termination. Both appeared to be shocked when Ms. Murphy told them what had occurred.

20.    Ms. Murphy then left the premises at or about 9 a.m. on September 16, 2004.

21.    Upon Ms. Murphy's arrival to her home that day, she found a voice mail left by Shelia Balboni in which she stated, in words or substance, Ms. Murphy would receive retroactive cost of living adjustment and that Ms. Murphy could count on her for a reference.

22.    Upon information and belief, after Ms. Murphy's termination, the position of Human Resources Manager was not posted or advertised. Upon information and belief, Maria Moeller, an Hispanic female in her mid-thirties, assumed Ms. Murphy's position as Manager of Human Resources at Community Day Care on or about, September 20, 2004. Upon information and belief, Ms. Moeller was hired to work a 25-hour workweek to perform the same duties that Ms. Murphy performed in 22 hours. Upon information and belief, Ms. Moeller had no background in Human Resources.

23.    Ms. Murphy has been discriminated against by Community Day Care and various employees, including, without limitation, Joan Silverman-Sanchez and Sheila Balboni, in the terms and conditions of her employment on the basis of her age and/or race, creed, and/or national origin, in particular, on the basis of race and her inability to speak, write or read Spanish, all in violation of M.G.L. c. 151B, Title VII and other applicable state and federal statutes, as well as common law.

23a.    On or about March 4, 2005, Massachusetts Commission Against Discrimination issued a Dismissal and Notification of Rights with regard to Ms. Murphy's discrimination claims.

23b.    On or about April 13, 2005, Equal Employment Opportunity Commission issued a Notice of Right to Sue with regard to Ms. Murphy's discrimination claims.

## COUNTS

## COUNT I

### (Violation of 42 U.S.C. §2000e)

24.    Plaintiff Murphy repeats and realleges the allegations contained in Paragraphs 1 through 23, *supra*, of the Verified Complaint as if set forth herein.

25.    42 U.S.C. §2000e-2(a)(1) provides as follows:

**§ 2000e-2.  Unlawful employment practices**

**(a)     Employer practices**

It shall be an unlawful employment practice for an employer—
**(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin;
…

26.    Defendant Community Day Care is an employer for the purposes of 42 U.S.C. §2000e-2.

27.    From October, 1998 to September, 2004, Ms. Murphy was an employee handling human resources duties within Community Day Care.

28.    By discharging Murphy from her position on the basis of her national origin, race and/or age, as set forth herein, Defendants Community Day Care, Balboni, and Silverman-Sanchez engaged in an unlawful employment practice as defined by 42 U.S.C. §2000e-2(a)(1).

29.     As a result of Defendants' unlawful employment practice, Murphy suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish, and other damages.

**WHEREFORE**, the Plaintiff, Lisa Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

## COUNT II

### (Violation of 42 U.S.C. §1981)

30.     Plaintiff Murphy repeats and realleges the allegations set forth in Paragraphs 1 through 29, *supra*, of the within Verified Complaint as if fully set forth herein.

31.     42 U.S.C. §1981(a) provides as follows:

**§1981.  Equal rights under the law**
**(a) Statement of equal rights**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

32.     By discharging Murphy from her position on the basis of national origin, race and/or age, Defendants Community Day Care, Balboni, and Silverman-Sanchez violated Plaintiff Murphy's rights as defined by 42 U.S.C. §1981(a).

33.     As a result of Defendants' violation of Plaintiff Murphy's rights as defined by 42 U.S.C. §1981(a), Plaintiff Murphy suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish, and other damages.

**WHEREFORE**, the Plaintiff, Lisa Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

## COUNT III

### (Equal Protection)

34.     Plaintiff Murphy repeats and realleges the allegations set forth in Paragraphs 1 through 33, *supra*, of the within Verified Complaint as if expressly set forth herein.

35.     The Fourteenth Amendment to the Constitution of the United States provides, in part, that:

> nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

36.     Article 10 of Part I of the Massachusetts Constitution provides, in part, as follows:

**Art. X. Right of protection and duty of contribution; taking of property; consent to laws; taking of property for highways and streets**

ART. X. Each individual of the society has a right to be protected by it in the enjoyment of her life, liberty and property, according to standing laws....

37.     Defendants Community Day Care, Balboni, and Silverman-Sanchez terminated Plaintiff Murphy because she was a white female, because she did not read or write Spanish and otherwise terminated her on the basis of her race.

38.     By discharging Plaintiff Murphy an employment opportunity on account of her national origin, race and/or age, Defendants Community Day Care, Balboni, and Silverman-

Sanchez violated Plaintiff Murphy's right to equal protection under the Fourteenth Amendment to the United States Constitution and Articles 1, 6, 7, 10, 12 and 16 of Part I, and Part II, c. 1 §1, art. 4 of the Massachusetts Constitution.

39.    As a result of Defendants' violation of Plaintiff Murphy's rights as defined by the Fourteenth Amendment to the United States Constitution and the Massachusetts Constitution, Plaintiff Murphy suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish, and other damages.

**WHEREFORE**, the Plaintiff, Lisa Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

## COUNT IV

## (Violations of M.G.L. c. 151B and c. 214 §1C)

40.    Plaintiff Murphy repeats and realleges the allegations set forth in Paragraphs 1 through 39, *supra*, of the within Verified Complaint as if expressly set forth herein.

41.    Mass. Gen. L. c. 151B provides, in part, that:

**Chapter 151B: Section 4 Unlawful Practices**—It shall be an unlawful employment practice:

(1)    For an employer, by himself or her agent, because of the race, color, religious creed, national origin, sex ... genetic information, or ancestry of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment...

42.    Mass. Gen. L. c. 214 §1C provides as follows:

A person shall have the right to be free from sexual harassment, as defined in chapter one hundred and fifty-one B and one hundred and fifty-one C. The superior court shall have the jurisdiction to enforce this right and to award the damages and other relief provided in the third paragraph of section 9 of chapter

151B. Any such action shall be commenced in the superior court within the time allowed by said section 9 of said chapter 151B. No claim under this section that is also actionable under chapter 151B or chapter 151C shall be brought in superior court unless a complaint was timely filed with the Massachusetts commission against discrimination under said chapter 151B.

43.    By discharging Plaintiff Murphy, who is over forty years of age, from her position on account of, among other things, her national origin, race and/or age, Defendants Community Day Care, Balboni, and Silverman-Sanchez engaged in an unlawful employment practice in violation of Mass. Gen. L. c. 151B, Section 4, Paragraph 1 and/or Mass. Gen. L. c. 214 § 1C.

44.    As a result of Defendants' unlawful employment practice, Plaintiff Murphy suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish, and other damages.

**WHEREFORE**, the Plaintiff, Lisa Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

## COUNT V

## (Breach of Covenant of Good Faith and Fair Dealing)

45.    Plaintiff Murphy repeats and realleges the allegations set forth in Paragraphs 1 through 44, *supra*, of the within Verified Complaint as if expressly set forth herein.

46.    Plaintiff Murphy believes and therefore avers that Defendants Community Day Care, Balboni, and Silverman-Sanchez unlawfully and knowingly breached the covenant of good faith and fair dealing by, among other things, discharging Plaintiff Murphy from employment on the basis of her national origin, race and/or age.

47.    As a direct proximate result of Defendants' breach of the implied covenant of

good faith and fair dealing, Plaintiff Murphy has suffered and will continue to suffer severe and substantial financial loss, emotional distress, mental anguish, lost wages, physical injury, harm to reputation, and other damages.

**WHEREFORE**, the Plaintiff, Lisa Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

## COUNT VI

### (Intentional/Negligent Infliction of Emotional Distress)

48.    Plaintiff Murphy repeats and realleges the allegations set forth in Paragraphs 1 through 47 of the within Verified Complaint as if expressly set forth herein.

49.    Defendants Community Day Care, Balboni, and Silverman-Sanchez engaged in a pattern of extreme or outrageous conduct against Murphy, which included, without limitation, race and gender discrimination, intended to cause emotional distress, or which Defendants knew or should have known would cause emotional distress, which was so severe and of a nature that no reasonable person could be expected to endure.

50.    As a result of the wrongful conduct of the Defendants, Plaintiff Murphy has sustained physical and psychological injury, incurred great suffering of body and mind.

**WHEREFORE**, the Plaintiff, Lisa Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

## COUNT VII
### (Violation of M.G.L. c. 93 §102)

13

51.    Plaintiff Murphy repeats and realleges  the allegations set forth in Paragraphs 1 through 50, *supra*, of the within Verified Complaint as if expressly set forth herein.

52.    Mass. Gen. Laws c. 93 §§102 provides, in part, as follows:

**§ 102. Equal rights; violations; civil actions; costs**

> (a) All persons within the commonwealth, regardless of sex, race, color, creed or national origin, shall have, except as is otherwise provided or permitted by law, the same rights enjoyed by white male citizens, to make and enforce contracts, to inherit, purchase, to lease, sell, hold and convey real and personal property, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

53.    By discharging Plaintiff Murphy from her position on the basis of her national origin, race and/or age, Defendants Community Day Care, Balboni and Silverman-Sanchez violated Plaintiff Murphy's rights as defined by M.G.L. c. 93 §102.

54.    As a result of Defendants' violation of Plaintiff Murphy's rights as defined by M.G.L. c. 93 §102, Plaintiff Murphy suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish, and other damages.

**WHEREFORE**, the Plaintiff, Lisa Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

## COUNT VIII

### (Tortious Interference with Prospective Business Advantage)

55.    Plaintiff Murphy repeats and realleges the allegations set forth in Paragraphs 1 through 54, *supra*, of the within Verified Complaint as if expressly set forth herein.

56.     Plaintiff Murphy was employed at Community Day Care under the terms of a contract.

57.     In or around September, 2004, Defendants Balboni and Silverman-Sanchez knowingly induced Community Day Care to breach its contract with Plaintiff Murphy by various means, including, without limitation, by discharging Plaintiff Murphy from her position at Community Day Care on the basis of national origin, race and/or age.

58.     Defendants Balboni and Silverman-Sanchez acted with an improper motive or means, including, without limitation, to discriminate against Plaintiff Murphy on the basis of national origin, race and/or age, when they so knowingly induced Community Day Care to breach its contract with Plaintiff Murphy.

59.     As a result of Defendants' tortious interference with Plaintiff Murphy's prospective business advantage, Plaintiff Murphy suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish and other damages.

**WHEREFORE**, the Plaintiff, Lisa Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

## COUNT IX

### (Age Discrimination)

60.     Plaintiff Murphy repeats and realleges the allegations set forth in Paragraphs 1 through 59, *supra*, of the within Verified Complaint as if expressly set forth herein.

61.     29 U. S. C. § 623(a) provides, in part, as follows:

It shall be unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age;

62.     Mass. Gen. Laws c. 151B § 4(1B) provides, in part, as follows:

It shall be an unlawful employment practice:

> (1B) For an employer in the private sector, by himself or his agent, because of the age of any individual, to refuse to hire or employ or to bar to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.

63.     By discharging Plaintiff Murphy who, at the time of termination, was over forty years of age, from her position on account of her age, in the absence of any bona fide occupational qualification, Defendants Community Day Care, Balboni and Silverman-Sanchez engaged in an unlawful employment practice in violation of, among other things, of 29 U.S.C. § 623 and M.G.L. 151B § 4(1B).

64.     As a result of Defendants' wrongful conduct, Plaintiff Murphy suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish and other damages.

**WHEREFORE**, the Plaintiff, Lisa Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

## COUNT X

### (Breach of Contract)

65.    Plaintiff Murphy repeats and realleges the allegations set forth in Paragraphs 1 through 64, *supra*, of the within Verified Complaint as if expressly set forth herein.

66.    By discharging Plaintiff Murphy who, at the time of termination, was over forty years of age, from her position on account of her age, in the absence of any bona fide occupational qualification, and by discharging her on the basis of her race and/or national origin, as more particularly described herein, Defendant Community Day Care breached its contract with Plaintiff Murphy.

67.    As a result of the breach of contract by Defendant Community Day Care, Plaintiff Murphy suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish and other damages.

**WHEREFORE**, the Plaintiff, Lisa Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

**COUNT XI**
**(Loss of Consortium)**

68.    Plaintiffs Lisa Murphy and Brian Murphy repeat and re-allege the allegations set forth in Paragraphs 1 through 67, *supra*, as if expressly set forth herein.

69.    As a result of the injuries and damages sustained by his wife, Plaintiff Brian Murphy, described herein, Plaintiff Brian Murphy has been deprived of his wife's society and companionship, and has suffered a loss of consortium.

**WHEREFORE**, the Plaintiff, Brian Murphy, demands judgment against the Defendants for damages sustained in the amount of Three Hundred Thousand Dollars ($300,000), together with interest, costs and attorneys' fees, and such other damages as this court may award.

**PLAINTIFFS REQUEST A
JURY TRIAL ON ALL
ISSUES SO TRIABLE**

The Plaintiffs
Lisa Murphy, and
Brian Murphy
By Their Attorneys,

James B. Krasnoo (BBO# 279300)
Paul J. Klehm (BBO# 561605)
Law Offices of James B. Krasnoo
23 Main Street, Terrace Level
Andover, MA 01810
(978) 475-9955

Dated: April 8, 2005

## AFFIDAVIT

_Essex_ , SS.

I, Lisa Murphy, being duly sworn, depose and say that I have read the Complaint which is annexed hereto and that all of the facts and allegations made therein are, to the best of my knowledge and belief, true and accurate.

Date: April 8, 2005

Lisa Murphy

## COMMONWEALTH OF MASSACHUSETTS

_Essex_ , SS.

Before me personally appeared Lisa Murphy, on April 8, 2005, and acknowledged the foregoing instrument to be her free act and deed.

Print name: _Fred J. Kiernan_
Notary Public
My Commission
Expires: _12/12/08_

19

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)  _Murphy v. Community Day Care Center of Lawrence, Inc._

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
rule 40.1(a)(1)).

| | | |
|---|---|---|
| [ ] | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| [✓] | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases |
| [ ] | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
| [ ] | IV. | 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
| [ ] | V. | 150, 152, 153. |

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
district please indicate the title and number of the first filed case in this court.

    None.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]    NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
§2403)

    YES [ ]    NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]    NO [✓]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]    NO [✓]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [✓]    NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [✓]        Central Division [ ]        Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
        residing in Massachusetts reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
submit a separate sheet identifying the motions)

    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Paul J. Klehm, Esq.

ADDRESS   Law Offices of James B. Krasnoo, 23 Main Street, Terrace Level, Andover, MA  01810

TELEPHONE NO.   (978) 475-9955

(CategoryForm.wpd - 2/15/05)

®aJS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Murphy, Lisa, and Murphy, Brian | Community Day Care Center of Lawrence, Inc.;  Balboni, Sheila; and Silverman-Sanchez, Joan |

**(b)**  County of Residence of First Listed Plaintiff    Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Paul J. Klehm, Esq., Law Offices of James B. Krasnoo
23 Main Street, Terrace Level, Andover, MA  01810 (978) 475-9955

Attorneys (If Known)
Thomas F. Smith, Esq., Caffrey & Smith, P.C., P.O. Box 1317,
Lawrence, MA  01842  (978) 686-6151

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. s. 2000e, 42 U.S.C. s. 1981
Brief description of cause:
Plaintiff Lisa Murphy brings discrimination claim arising out of her wrongful termination.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 300,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  04/27/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____