UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LISA MURPHY and BRIAN MURPHY, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. A. No. 05-10857-DPW |
| COMMUNITY DAY CARE CENTER OF LAWRENCE, INC., SHEILA BALBONI and JOAN SILVERMAN-SANCHEZ, | ) ) ) ) | |
| Defendants | ) ) | |

**ANSWER AND JURY DEMAND OF
DEFENDANTS COMMUNITY DAY CARE OF LAWRENCE, INC.
SHEILA BALBONI AND JOAN SILVERMAN-SANCHEZ**

Defendants Community Day Care of Lawrence, Inc., Sheila Balboni and Joan Silverman-Sanchez hereby answer the numbered paragraphs of the Complaint of Lisa Murphy and Brian Murphy as follows:

**Introduction**

1. No response is necessary to the statement made in this introductory paragraph. To the extent that a response may be required, Defendants deny the averments of paragraph 1.

**Parties**

2. Admit.

3. Without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3, and therefore deny.

4. Admit.

5. Admit.

6. Admit.

## Jurisdiction

7. To the extent that paragraph 7 contains conclusions of law, no response is required. To the extent a response is required, Defendants deny the averments of paragraph 7.

8. To the extent that paragraph 8 contains conclusions of law, no response is required. To the extent that a response is required, Defendants deny the averments of paragraph 8.

## Facts

9. Admit that Plaintiff Lisa Murphy was an at-will employee of Defendant Community Day Care, that she served as manager of human resources, and that the duties described were some (but not all) of the duties of her position, otherwise deny.

10. Admit that Plaintiff Lisa Murphy is a 45 year old Caucasian female and that she does not speak read or write Spanish, otherwise deny.

11. Admit that on September 15, 2004, Defendants Balboni and Silverman met with Plaintiff Lisa Murphy and told her that she would no longer be human resources manager because of perceived need for a bilingual person in that role, deny that Defendant Balboni said that a "Latino" or "bicultural" person was needed, and otherwise deny.

12. Admit that Plaintiff Lisa Murphy's overdue performance review was discussed, otherwise deny.

13. Admit that respondent Balboni offered to provide a good reference and offered two weeks severance, otherwise deny.

14. Without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14, and therefore deny.

15. Without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15, and therefore deny.

16. Admit that Plaintiff Lisa Murphy was at Community Day Care on September 16, 2004, otherwise without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16, and therefore deny.

16a. Admit that Maria Moeller had worked at Community Day Charter School and had taken maternity leave from that institution, otherwise deny.

17. Without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17, and therefore deny.

18. Without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18, and therefore deny.

19. Without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19, and therefore deny.

20. Without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20, and therefore deny.

21. Admit that Defendant Balboni left a voice mail message concerning, among other things, a retroactive cost of living adjustment and a reference, otherwise without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 and therefore deny.

22. Admit that Maria Moeller was hired to fill the position of human resources manager on or about September 21, 2004, that Ms. Moeller is Hispanic and Spanish speaking, and that Ms. Moeller is in her mid-thirties, otherwise deny.

23. Deny.

23a. Admit.

23b. Admit.

## Count I
## (42 U.S.C. §2000e)

24. Defendants incorporate herein their responses to paragraphs 1-23b of the Complaint.

25.. Admit.

26. Admit.

27. Admit.

28. Deny.

29. Deny.

## Count II
## (42 U.S.C. § 1981)

30. Defendants incorporate herein their responses to paragraphs 1-29 of the Complaint.

31. Admit.

32. Deny.

33. Deny.

## Count III
## (Equal Protection)

34. Defendants incorporate herein their responses to paragraphs 1-33 of the Complaint.

35. Admit.

36. Admit.

37. Deny.

38. Deny.

39. Deny.

## Count IV.
### (Violations of M.G.L. c. 151B and c. 214 § 1C)

40. Defendants incorporate herein their responses to paragraphs 1-39 of the Complaint.

41. Admit.

42. Admit

43. Deny.

44. Deny.

## Count V
### (Breach of Covenant of Good Faith and Fair Dealing)

45. Defendants incorporate herein their responses to paragraphs 1-44 of the Complaint.

46. Deny.

47. Deny.

## Count VI
### (Intentional/Negligent Infliction of Emotional Distress)

48. Defendants incorporate herein their responses to paragraphs 1-47 of the Complaint.

49. Deny.

50. Deny.

## Count VII
### (Violation of M.G.L. c. 93 § 102)

51. Defendants incorporate herein their responses to paragraphs 1-50 of the Complaint.

52. Admit.

53. Deny.

54. Deny.

## Count VIII
### (Tortious Interference with Prospective Business Advantage)

55. Defendants incorporate herein their responses to paragraphs 1-54 of the Complaint.

56. Admit that complainant was employed at Community Day Care, otherwise deny.

57. Deny.

58. Deny.

59. Deny.

## Count IX
### (Age Discrimination)

60. Defendants incorporate herein their responses to paragraphs 1-59 of the Complaint.

61. Admit.

62. Admit.

63. Deny.

64. Deny.

## Count X
### (Breach of Contract)

65. Defendants incorporate herein their responses to paragraphs 1-64 of the Complaint.

66. Deny.

67. Deny.

## Count XI
### (Loss of Consortium)

68. Defendants incorporate herein their responses to paragraphs 1-67 of the Complaint.
69. Deny.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs have failed to mitigate their damages.

### Third Affirmative Defense

Plaintiffs' claims are barred in whole or in part by failure to exhaust administrative remedies.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the exclusivity provisions of the Massachusetts Worker's Compensation Act (G.L. c. 152)

### Fifth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the exclusivity provision of G.L. c. 151B § 9.

### Sixth Affirmative Defense

Plaintiffs' claims are barred in whole or part by inability to show state action.

### Seventh Affirmative Defense

Plaintiffs' claims are barred in whole or part by inability to set forth a *prima facie* case of age, national origin or race discrimination.

### Eighth Affirmative Defense

Defendants decisions and conduct with respect to plaintiffs were based on legitimate, nondiscriminatory reasons.

### Ninth Affirmative Defense

Plaintiffs' claims founded upon the alleged existence of a contract must fail for lack of

consideration and lack of mutuality of obligation.

## Reservation of Rights

Defendants reserve the right to add other or additional affirmative defenses which are revealed during the course of discovery.

## DEFENDANTS CLAIM A TRIAL BY JURY

WHEREFORE, Defendants respectfully request that the Court

1. Enter a judgment against Plaintiffs and in favor of Defendants on all counts;

2. Award Defendants their costs and reasonable attorneys fees; and

3. Enter such other relief as may be just,

COMMUNITY DAY CARE CENTER OF LAWRENCE, INC., SHEILA BALBONI and JOAN SILVERMAN-SANCHEZ,

By their attorneys,

   /s/ Thomas P. Smith
Thomas P. Smith (BBO # 555513)
 Caffrey & Smith, P.C.
 300 Essex Street
 Lawrence, MA 01840
 Tel. (978) 686-6151
 Fax (978) 683-3399

CERTIFICATE OF SERVICE

    I, Thomas P. Smith, served a copy of the foregoing document on plaintiffs' counsel who have registered with the Court's ECF service by employing such service for filing this document

Date: July 1, 2005          /s/ Thomas P. Smith
                                             Thomas P. Smith